**STATE of Minnesota, Respondent,**

v.

**Mark Lee DUE, Respondent,**

**Interstate Bonding, Inc., Appellant.**

No. C8–88–474.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Review Denied Sept. 28, 1988.

D. Gerald Wilhelm, Martin County Atty., Fairmont, for State.

Douglas L. Johanson, Johansen & Johanson Law Offices, Winnebago, for Mark Lee Due.

John W. Zweber, Dennis S. Schertz, Palmer & Zweber, Roseville, for Interstate Bonding, Inc.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

FOLEY, Judge.

Interstate Bonding, Inc. appeals an order denying its motion to reinstate and discharge a $5,000 bail bond which the trial had ordered forfeited. The trial court determined that Interstate had not established sufficient reason to justify a forgiveness of its obligation under the bond. We affirm.

## FACTS

On May 3, 1984, Interstate filed a $5,000 bail bond with the trial court to guarantee respondent Mark Lee Due's appearance to face a charge of obtaining a controlled substance by fraud. Over the next 15 months the case was twice reassigned to different judges, once pursuant to a request to remove and the second time because of a judge's retirement.

Due failed to appear at a pretrial hearing on August 27, 1984, and the trial court on September 4, 1984, ordered a bench warrant issued for failure to appear. The warrant was issued on September 5, 1984 and delivered the same day to the sheriff. Interstate was not notified of Due's failure to appear or of the consequent bench warrant. It appears that neither Interstate nor respondent State of Minnesota made any attempt to locate Due and, in fact, no one yet knows his whereabouts.

On October 30, 1987, the trial court noted that the bond was in default because Due had never appeared as scheduled and thus ordered the bond's forfeiture. Claiming it was unfair for the state to wait more than three years before giving notice of default, Interstate asked the trial court to exercise its discretionary power to reinstate and discharge the bond.

No evidentiary hearing was requested, and the trial court made its decision based on affidavits from Interstate's employees and on opposing counsels' written and oral arguments. In denying Interstate's motion, the trial court ruled that the state had no duty to notify the surety of Due's nonappearance. It then considered the various factors in *Application of Shetsky*, 239 Minn. 463, 60 N.W.2d 40 (1953), relating to whether a forfeited bond should be forgiven, and concluded that Interstate had not met its burden of proof to establish justification for mitigation of forfeited bond. *See id.* at 471–72, 60 N.W.2d at 46. Interstate appeals the order denying its motion to reinstate and discharge the forfeited bond.

## ISSUE

Did the trial court abuse its discretion in refusing to forgive Interstate's obligation under the bond?

## ANALYSIS

Minn.Stat. § 629.59 (1986) provides for the forgiveness or reduction of the penalty due under a forfeited bond as follows:

When an action is brought in the name of the state against a principal or surety in a recognizance entered into by a party or witness in a criminal prosecution, and the penalty is judged forfeited, the court may forgive or reduce the penalty according to the circumstances of the case and the situation of the party on any

terms and conditions it considers just and reasonable.

Thus, it was within the trial court's discretion whether to provide relief from the bail forfeiture. *See Shetsky*, 239 Minn. at 471–72, 60 N.W.2d at 46. In deciding whether the trial court was within its discretion, this court will consider

> the purpose of bail and the civil nature of the proceedings and the burden of proof as well as the cause, purpose and length of defendant's absence; the good faith of the surety as measured by the fault or wilfulness of the defendant; the good faith efforts of the surety—if any—to apprehend and produce the defendant; and the prejudice—by way of delay or otherwise—to the state, in its administration of justice.

*Id.* at 471, 60 N.W.2d at 46.

Interstate argues that the state, by collecting on the bond, is simply attempting to raise revenue, which is contrary to the purpose of bail which is to "insure the prompt and orderly administration of justice without unduly denying liberty to the accused whose guilt has not been proved." *Id.* There certainly is some merit to this argument and one must question why the state would allow three years to pass without taking any action on this case. From our vantage point, however, we cannot conclude the state was merely trying to raise revenue. Nor can we say Interstate was entirely blameless.

By accepting a premium and agreeing to act as surety, Interstate undertook to ensure Due would personally appear to answer the charge against him. *See* 8 Am. Jur.2d *Bail and Recognizance* § 62 at 635 (1980). As such, Interstate cannot absolve itself of blame when it did not monitor Due's appearances and thus failed to timely learn of his nonappearance.

This is not, as Interstate asserts, a case where the bond should be discharged because the state has taken action making it impossible for Interstate to produce Due. *See State v. Liakas*, 165 Neb. 503, 510, 86 N.W.2d 373, 378 (1957) (surety exonerated on bond obligation where state surrendered prisoner to another sovereign thus preventing surety's performance). Interstate was in no way prevented from learning of Due's nonappearance, a matter of public record, nor would it have been prevented from attempting to locate and arrest Due had it monitored his appearances.

We can appreciate Interstate's claim that it would have been able to locate Due and deliver him up for trial had the state acted more promptly. We are limited, however, to determining if the trial court acted within its discretion, and in this case we conclude that it did. *See Shetsky*, 239 Minn. at 471–72, 60 N.W.2d at 46.

### DECISION

The trial court's order denying reinstatement and discharge of the bond is affirmed.

Affirmed.