**STATE of Minnesota, Respondent,**

v.

**Jesse Salvidor ROSILLO, Defendant,**

**Interstate Bonding, Inc.,
et al., Appellants.**

**No. C3–01–1979.**

Court of Appeals of Minnesota.

June 18, 2002.

---

.

Mike Hatch, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Susan J. Hudson, Assistant County Attorney, St. Paul, MN, for respondent.

Frank A. Arend Schulte, St. Paul, MN; and Peter D. Plunkett, Austin, MN, for appellants.

Considered and decided by LANSING, Presiding Judge, and G. BARRY ANDERSON, Judge, and PORITSKY, Judge.*

## OPINION

### G. BARRY ANDERSON, Judge.

Interstate Bonding, Inc., and Minnesota Surety & Trust Co. (appellants) issued a $50,000 bail bond to guarantee defendant Jesse Rosillo's appearance. After defendant failed to appear at a trial-management conference, the district court forfeited the bond, but never notified appellants of the forfeiture. Defendant was arrested and brought before the district court, which reinstated the $50,000 bond without notification to appellants and increased defendant's bail to $75,000. Defendant obtained a second bail bond from appellants for $25,000 without advising appellants of the forfeiture and reinstatement. After several months, defendant again failed to appear, this time for his trial date. The district court forfeited both bail bonds, and appellants moved for reinstatement and discharge of the bonds. Because we conclude the district court abused its discre-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by

tion by denying appellants' motion, we reverse and remand.

## FACTS

On April 10, 2000, defendant posted a bail bond, issued through appellants, after police arrested him for a drug-related offense. Defendant's bond was originally set at $50,000 because of his criminal record.

On May 16, 2000, defendant failed to appear for a trial-management conference; the district court found that defendant was "thumbing his nose" at the district court and ordered the $50,000 bond forfeited. The district court issued a bench warrant stating that the bond was forfeited. But appellants were never notified that the bond was forfeited.

On May 18, 2000, defendant was arrested and brought before a different district court judge who reinstated the $50,000 bond issued by appellants and increased defendant's bail to $75,000, even though, as the prosecution argued, the rules of general practice required the reinstatement to be handled by the first district court judge. Appellants were neither present nor represented by counsel at the second district court proceeding, and appellants were never notified that the bond was reinstated.

Defendant contacted appellants and secured an additional $25,000 bond, without notifying appellants about the forfeiture; defendant also lied regarding the circumstances of the increase. Appellants authorized the additional $25,000 bond without knowing that the original $50,000 bond had been forfeited and reinstated by the district court during the second district court proceeding.

On May 24, 2000, the district court judge who first heard the matter refused to participate in any further proceedings,

appointment pursuant to Minn. Const. art. VI, § 10.

concluding that he could no longer be impartial.

On October 30, 2000, defendant failed to appear for a scheduled jury trial. On October 31, the district court judge then presiding over defendant's case forfeited both bonds ($50,000 and $25,000 respectively). Appellants first became aware of any forfeiture on November 16, when they learned of the results of the October 31 proceeding. After unsuccessfully attempting to locate defendant, appellants brought a motion to reinstate and discharge both bonds.

An exchange of correspondence then ensued concerning the proper venue of the petition to reinstate and discharge both bonds. Finally, in August 2001, the district court judge who had forfeited both bonds heard appellants' motion. Appellants' motion for reinstatement and discharge was denied, and this appeal followed.

## ISSUES

I. Does Minn. R. Gen. Prac. 702(e) require the court administrator to notify a surety and bonding company of the forfeiture of a bail bond even if the bond is reinstated only 3 days after forfeiture?

II. Did the district court abuse its discretion by forfeiting both bail bonds?

## ANALYSIS

### I.

Appellants claim that the failure on the part of the court administrator to provide notification that the bond had been forfeited deprived appellants of the right to procedural due process.

■ Construction of a court rule presents a question of law, which this court reviews de novo. *See Stoebe v. Merastar Ins. Co.,* 554 N.W.2d 733, 735 (Minn.1996) (examining rule of civil procedure under de novo standard).

■ Minn. R. Gen. Prac. 702(e) states: "[w]henever a bail bond is forfeited by a judge, the surety and bondsman *shall* be notified by the court administrator in writing * * *." (Emphasis added.) In an e-mail from an accounting manager for the Ramsey County District Court to the district court, the accounting manager stated, "In my opinion, it does not seem efficient that the clerk's office needs to send a forfeiture notice to an agent after it has already been reinstated."

Whether efficient or not, the rule makes no exception allowing court administrators to ignore the requirement of notice of forfeiture merely because the bond was quickly reinstated. The rule clearly states that the court administrator "shall" notify the surety and the bondsman. This court has already made clear that use of the word "shall" in another subsection of Minn. R. Gen. Prac. 702 is a mandatory instruction. *See State v. Williams,* 568 N.W.2d 885, 888 (Minn.App.1997) (holding that "shall" language in rule 702(h) conveys a mandatory act), *review denied* (Minn. Nov. 18, 1997); *see also* Minn.Stat. § 645.44, subd. 16 (2000) (stating "shall" is mandatory).

In the order that is the subject of this appeal, the district court stated,

> As against a surety, a bond is not effectively forfeited until the surety receives written notice as required by the rule within a reasonable time after an order of forfeiture.

This statement is incorrect; a bond is effectively forfeited when the district court orders forfeiture, which is what happened here. Written notice is a procedural requirement to allow the surety to petition the court for reinstatement and discharge

of this forfeited bond or to take other actions to preserve its rights.

We interpret rule 702 according to its plain meaning. *See* Minn.Stat. § 645.08(1) (2000). By doing so, we conclude that the Ramsey County district court administrator was, and is, mandated by Minn. R. Gen. Prac. 702(e) to notify the surety and bondsman in writing whenever a bond is forfeited.

■ When procedural due process is at issue, this court applies a three-part balancing test. *In re Conservatorship of Foster*, 547 N.W.2d 81, 85 (Minn.1996). We weigh (1) the private interest at stake, (2) the risk that the process provided will result in erroneous deprivation of the private interest at stake and the value and availability of additional procedural safeguards; and (3) the governmental interest, including the administrative burden and the expense that additional safeguards would require. *Id.*

There is little question that a significant private interest exists here; the surety has a $75,000 financial obligation composed of two separate bail bonds. And there is also little question that there is a significant governmental interest here: the efficient operation of judicial and bail-bond systems and the need to ensure the attendance of defendants at court proceedings.

We conclude that there was a complete failure to provide procedural safeguards to protect appellants' interests in this case because of the failure of the administrator to provide any notice to appellants that the bond was initially forfeited. This failure to follow rule 702(e) meant that appellants never knew that defendant had absconded and issued a second bond without notice of the first forfeiture. *Cf. McElwain v. Van Beek*, 447 N.W.2d 442, 447 (Minn.App. 1989) (recognizing, in summary-judgment context, that party must show he was prejudiced by lack of notice or other procedural irregularities to prove he is entitled to relief from district court's ruling), *review denied* (Minn. Dec. 20, 1989).[1] Therefore, because appellants never received notice, we review the district court's order denying reinstatement and discharge of the bonds in light of that lack of notice.

## II.

■ Appellants argue that the district court abused its discretion when it refused to reinstate and discharge both bonds because of the lack of notice. "In reviewing a [district] court's order concerning [reinstatement and] discharge of a bail bond, we determine whether the [district] court abused its discretion." *Williams*, 568 N.W.2d at 887 (citations omitted).

■ When a bond-underwriting company agrees to act as a surety for a defendant, the company assures the district court that the defendant will personally appear and answer the charges against him. *State v. Due*, 427 N.W.2d 276, 278

---

1. Appellants also claim that the second district court, which reinstated the $50,000 bond and imposed an additional $25,000 bail, was without the authority to reinstate the original $50,000 bail bond. Appellants rely on Minn. R. Gen. Prac. 702(f), which states:

   Any motion for reinstatement of a forfeited bond or cash bail shall be supported by a petition and affidavit and shall be filed with the court administrator. * * * A petition for reinstatement filed within ninety (90) days of the date of the order of forfeiture shall be heard and determined *by the judge who ordered forfeiture, or the chief judge.*

   (Emphasis added.)

   While the reinstating judge was not the same judge who originally forfeited the first $50,000 bond, because we reverse and remand the district court's order denying appellants' motion for reinstatement, it is unnecessary to address the interim bond reinstatement and we do not reach this issue.

(Minn.App.1988), *review denied* (Minn. Sept. 28, 1988).

Minn.Stat. § 629.59 (2000) allows a district court to

> forgive or reduce the [forfeiture of the bond if the defendant fails to appear] according to the circumstances of the case and the situation of the party on any terms and conditions it considers just and reasonable.

■ Several factors are considered in determining whether the district court abused its discretion in its bail-forfeiture decision, including

> the purpose of bail and the civil nature of the proceedings and the burden of proof as well as the cause, purpose, and length of defendant's absence; the good faith of the surety as measured by the fault or wilfulness of the defendant; the good faith efforts of the surety—if any— to apprehend and produce the defendant; and the prejudice—by way of delay or otherwise—to the state, in its administration of justice.

*In re Application of Shetsky,* 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953). The surety bears "the burden of proof to establish a justification for a mitigation of forfeited bail." *Id.* at 472, 60 N.W.2d at 46.

But the *Shetsky* factors, considered by a district court in reviewing a motion for reinstatement and discharge of a bond, are not yet ripe for review in this case because of the lack of notice to appellants.

■ Here, the district court abused its discretion when it denied appellants' motion because the district court failed to adequately consider the lack of notice to appellants and what effect, if any, the lack of notice had on appellants. Appellants

were unaware that defendant had absconded when they issued the additional $25,000 bond and had no reason to know of the forfeiture and reinstatement that occurred in May 2000 until November 2000, when they learned that defendant had absconded again in October 2000.

The district court's reliance on *Due,* 427 N.W.2d at 278, is misplaced because the issue in that case was a claim by the bonding company that it was entitled to notice of the defendant's *failure to appear.* Here, the issue is the administrator's failure to notify the surety of the forfeiture of the bond as required by rule, something far different from the failure of a defendant to appear at a scheduled court hearing.

Because the district court inadequately considered the lack of notice to appellants, the district court abused its discretion. We therefore reverse and remand to the chief judge of the district court for reconsideration of appellants' motion for reinstatement and discharge in light of our decision. The chief judge shall consider the prejudice suffered by appellants, if any, that resulted from the lack of notice when reassessing appellants' motion for reinstatement and discharge of the $25,000 bond and shall consider the *Shetsky* factors when considering reinstatement and discharge of the $50,000 bond.[2]

## DECISION

The district court administrator was required by Minn. R. Gen. Prac. 702(e) to notify appellants when their bail bond was forfeited by the district court, although the bond was reinstated shortly after forfeiture.

---

**2.** Remand to the chief judge of the district court is required because rule 702(f) mandates that bond-reinstatement issues may be heard only by the judge who forfeited the original bond or by the chief judge. Here, the district court judge originally assigned to the matter cannot hear it because he has recused himself from this matter.

The district court abused its discretion when it denied appellants' motion for reinstatement and discharge of their bonds because it failed to adequately consider the lack of notice to appellants and any prejudice that resulted from that lack of notice. Therefore, we reverse and remand appellants' motion to the chief judge of the district court for further proceedings consistent with this opinion.

**Reversed and remanded.**