STATE of Minnesota, Respondent,

v.

Dane Eugene NELSON, Defendant,

Minnesota Surety & Trust Company, Appellant.

No. A08–2064.

Court of Appeals of Minnesota.

Sept. 29, 2009.

Thomas N. Kelly, Wright County Attorney, Lee Ryan Martie, Brian A. Lutes, Assistant County Attorneys, Wright County Government Center, Buffalo, MN, for respondent.

Frank Arend Schulte, St. Paul, MN, for appellant.

Considered and decided by TOUSSAINT, Chief Judge; STONEBURNER, Judge; and COLLINS, Judge.*

## OPINION

TOUSSAINT, Chief Judge.

Appellant Minnesota Surety & Trust Company challenges the imposition of a $2,500 penalty for failure to comply with district court rules, arguing that the district court erred in concluding that rule 702(f) requires personal service on the principal of the bond and abused its discretion by penalizing appellant one-half of the amount of the bond. Because rule 702(f) does not require that the petition and affidavit filed in support of a motion for reinstatement be personally served on the principal of a bail bond, we reverse and remand.

## FACTS

After defendant Dane E. Nelson's arrest for theft, appellant posted a bond to secure Nelson's release and ensure his appearance. The bond named Nelson as the principal of the bond and appellant as the surety. When Nelson failed to appear at a pretrial hearing, the district court issued a warrant for his arrest and ordered the bond forfeited. Following Nelson's apprehension by law enforcement, a $10,000 bail bond was posted by a different bonding company. Appellant subsequently moved for reinstatement and discharge of the bond.

At a hearing on appellant's motion, the district court asked appellant whether Nelson received notification of the hearing. Appellant indicated that it was unaware if Nelson received notice of the hearing. The district court continued the hearing until July 2008 to give appellant the opportunity to properly notify Nelson of the proceeding.

At the continued hearing, appellant explained that it notified Nelson of the proceeding by regular and certified mail. In its order reinstating and discharging the bond, the district court determined that Minn. R. Gen. Pract. 702(f) requires personal service on the principal of the bond and that Nelson was not personally served. The district court penalized appellant one-

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

half of the amount of the bond for failure to comply with rule 702(f).

## ISSUE

Did the district court err in determining that Minn. R. Gen. Pract. 702(f) required appellant to personally serve the principal of a bail bond with notice of its motion for reinstatement and discharge of the forfeited bond?

## ANALYSIS

Ordinarily, we review a reinstatement decision for an abuse of discretion. *State v. Williams,* 568 N.W.2d 885, 887 (Minn. App.1997), *review denied* (Minn. Nov. 18, 1997). But "construction of a court rule presents a question of law, which this court reviews de novo." *State v. Vang,* 763 N.W.2d 354, 356 (Minn.App.2009).

Appellant first asserts that compliance with rule 702(f) was not possible because the 2008 version of rule 702(f) required that service comply with the then-nonexistent Minn. R. Civ. P. 4.03(3)(1). We conclude that this assertion, although mistaken, is reasonable due to a typographical error in the Thomson Reuters publication of the West Minnesota Rules of Court.

The Thomson Reuters publication of rule 702(f), for the years 1998 through 2009, provides in part:

> A copy of said petition [for reinstatement of a forfeited bond] and affidavit shall be served upon the prosecuting attorney and the principal of the bond in the manner required by *Minn. R. Civ. P. 4.03(3)(1).*

(Emphasis added.) There is, however, no Minnesota Rule of Civil Procedure numbered 4.03(3)(1). The Minnesota Revisor

of Statutes' publication of rule 702(f) differs from the Thomson Reuters publication.[1] The revisor's publication of rule 702(f), for the years 1992 through 2008, provides in relevant part:

> A copy of said petition and affidavit shall be served upon the prosecuting attorney and the principal of the bond in the manner required by *Minn. R. Civ. P. 4.03(e)(1).*

(Emphasis added.) Minn. R. Civ. P. 4.03(e)(1) does exist. We therefore reject appellant's argument that rule 702(f) cites a nonexistent procedural rule.

 Appellant next argues that applying Minn. R. Civ. P. 4.03(e)(1) does not require personal service on the principal of a bond. We agree. Rule 4.03(e)(1) provides for service of summons on public corporations. It does not provide guidance on the manner in which a party seeking reinstatement of a bond under rule 702(f) should serve the principal of a bail bond. Therefore, rule 702(f) does not require personal service on the principal of a bond, and we reverse the district court order reinstating appellant's bond and discharging it on payment of a $2,500 penalty.

Although we reverse, we conclude that remand is necessary so that the district court may revisit its forfeiture determination in light of the factors set forth in *In re Application of Shetsky,* 239 Minn. 463, 60 N.W.2d 40 (1953). In *Shetsky,* the supreme court explained that, in determining whether a surety ought to forfeit a portion of a bond, the following factors are relevant:

> (1) the purpose of bail, the civil nature of the proceedings, and the cause, purpose, and length of the defendant's ab-

---

1. "The Revisor's Office shall publish editions of Minnesota Statutes. Minnesota Statutes must contain ... rules of the district court...." Minn.Stat. § 3C.08, subd. 1

(2008). We note that the Thomson Reuters publication of rule 702(f) for the years 1993–1997 is identical to the revisor's publication.

sence; (2) the good faith of the surety as measured by the fault or willfulness of the defendant; (3) the good-faith efforts of the surety—if any—to apprehend and produce the defendant; and (4) any prejudice to the state in its administration of justice.

*State v. Storkamp,* 656 N.W.2d 539, 542 (Minn.2003) (citing *Shetsky,* 239 Minn. at 471, 60 N.W.2d at 46) (quotation omitted). Here, we remand so that the district court may consider the *Shetsky* factors in the first instance and conduct such proceedings as it deems necessary.

## DECISION

We reverse the district court order reinstating appellant's bond and discharging it on payment of a $2,500 penalty and remand for proceedings consistent with this opinion and application of the *Shetsky* factors.

**Reversed and remanded.**