*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0535**

State of Minnesota,
Respondent,

vs.

Alberto Villa-Barrera,
Defendant,

Ability Bonding Company, Inc.,
Appellant.

**Filed December 1, 2014
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-CR-12-14467

Michael O. Freeman, Hennepin County Attorney, Minneapolis, Minnesota (for respondent)

Robert A. Lengeling, Beito & Lengeling, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**HUDSON**, Judge

Appellant challenges the district court's decision to forfeit defendant's bail bond after his second missed court appearance. Specifically, appellant argues that the district court abused its discretion in forfeiting the bond because the district court did not notify appellant of defendant's first missed appearance. Because the district court had no duty to notify appellant of the first missed appearance, we affirm.

## FACTS

After defendant Alberto Villa-Barrera's May 10, 2012 initial appearance on a first-degree drug sales charge, appellant Ability Bonding Company posted a $75,000 bond for defendant. Defendant failed to appear for his next court hearing on July 5, 2012. The district court stayed defendant's bench warrant and rescheduled his hearing for two weeks later. Appellant was not notified of the missed appearance. Defendant failed to appear for the rescheduled hearing and the district court forfeited his bond and issued a bench warrant.

The district court administrator mailed appellant notice of the forfeited bond three days after the second missed hearing. Four days before the bond payment was due, appellant was granted a 90-day payment extension to attempt to locate and recover defendant. Appellant was unable to locate defendant and requested a second 90-day extension. The district court denied this request. Appellant then moved for the bond to be reinstated and discharged because appellant was not notified that defendant missed his first appearance. The district court denied appellant's motion.

This appeal follows.

## DECISION

### *Failure to Notify*

Appellant argues that defendant's bail bond—which operates as a surety contract—must be reinstated because the district court had a contractual duty to notify appellant of defendant's first missed appearance. Under Minn. R. Gen. Prac. 702(e), the surety and the bondsman must receive written notice whenever a bond is forfeited. *State v. Rosillo*, 645 N.W.2d 735, 738 (Minn. App. 2002). "Written notice is a procedural requirement to allow the surety to petition the court for reinstatement and discharge of [the] forfeited bond or to take other actions to preserve its rights." *Id.* at 738–39. But 702(e) does not require that the court administrator provide notice of a missed appearance where a bond is not forfeited. An administrator's obligation under rule 702(e) to notify the surety and bondsman of a bond forfeiture is different from a bonding company's claim it was entitled to notice of a defendant's failure to appear. *Id.* at 740. A bonding company cannot absolve itself of blame when it does not monitor a defendant's appearances and fails to timely learn of nonappearances. *State v. Due*, 427 N.W.2d 276, 278 (Minn. App. 1988), *review denied* (Minn. Sept. 28, 1988).

In *State v. Due*, a defendant was released on a bail bond. *Id.* at 277. After the defendant failed to appear for a pretrial hearing, a bench warrant was issued. *Id.* Three years later, the district court noted the bond was in default and ordered it forfeited. *Id.* The bonding company requested the bond be reinstated and discharged, claiming it was unfair for the state to wait more than three years before giving notice of default. *Id.* This

court concluded the state had no duty to notify the bonding company of the defendant's nonappearance because: (1) the state did not prevent the bonding company from producing the defendant and (2) the bonding company was not prevented from monitoring or learning of the defendant's nonappearance. *Id.* at 278.

Appellant is correct that this court has characterized bail bonds as contracts governed by traditional principles of contract law. *See State v. Rodriguez*, 775 N.W.2d 907, 914 (Minn. App. 2009) ("A bail bond is a contract among the bonding company, the defendant and the court. . . . As a legally binding contract, traditional principles of contract law . . . may be applied"), *review denied* (Minn. Feb. 16, 2010). But, in *Due*, this court clearly stated that where a bonding company could have learned of a defendant's failure to appear, it was not absolved of blame by not monitoring appearances. 427 N.W.2d at 278. Appellant provides no reason why it could not have reviewed public records or otherwise learned of defendant's nonappearance. Further, appellant's claim that other counties provide bonding companies with notices of missed appearances does not provide a legal basis to conclude that Hennepin County has any such duty.

Appellant next argues that, had the district court given notice of defendant's first failure to appear, defendant would not have had a head start and would not have easily avoided capture. A similar argument was made by the bonding company in *Due*. Specifically, the *Due* bonding company argued that "it would have been able to locate [the defendant] and deliver him up for trial had the state acted more promptly." *Id.* The *Due* court concluded, as we do here, that the district court did not abuse its discretion by

4

not notifying the bond company when the defendant failed to appear. *See id.* We also note that in *Due* the bond was forfeited three years after the missed appearance while here the bond was forfeited after only 15 days. 427 N.W. 2d at 277. Additionally, the defendant in this matter was released on bail two months prior to his first missed court appearance, giving him a significant amount of time to abscond prior to his scheduled hearing.

### Shetsky Factors

With respect to the merits of appellant's claim, we first note that, by agreeing to act as a surety, a bonding company promises to ensure that the defendant will appear to answer the charges against him. *State v. Williams*, 568 N.W.2d 885, 888 (Minn. App. 1997), *review denied* (Minn. Nov. 18, 1997). The district court's decision not to reinstate or discharge a bail bond is reviewed for abuse of discretion. *State v. Vang*, 763 N.W.2d 354, 357 (Minn. App. 2009). A district court abuses its discretion when its ruling is based "on an erroneous view of the law." *State v. Storkamp*, 656 N.W.2d 539, 541 (Minn. 2003). In determining whether the district court abused its discretion, this court considers the factors set forth by *In re Application of Shetsky*, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953):

> (1) the purpose of bail, the civil nature of the proceedings, and the cause, purpose, and length of the defendant's absence; (2) the good faith of the surety as measured by the fault or willfulness of the defendant; (3) the good-faith efforts of the surety—if any—to apprehend and produce the defendant; and (4) any prejudice to the state in its administration of justice.

*Rodriguez*, 775 N.W.2d at 912 (quotations omitted). The surety bears the burden to prove that reinstatement and discharge of the bond is justified. *Shetsky*, 239 Minn. at 472, 60 N.W.2d at 46. The state bears the burden to prove any claimed prejudice. *State v. Askland*, 784 N.W.2d 60, 62 (Minn. 2010).

### *Purpose of bail, civil nature of proceedings, and cause, purpose, and length of defendant's absence*

"The primary purpose of bail . . . [is] to insure the prompt and orderly administration of justice without unduly denying liberty to the accused whose guilt has not been proved." *Shetsky*, 239 Minn. at 471, 60 N.W.2d at 46. One purpose of a bail bond is to encourage the surety to pay the penalty for failing to ensure the defendant's presence without requiring the state to litigate to recover the defaulted amount. *Id.* at 469, 60 N.W.2d at 45. "Another is to encourage sureties to locate, arrest, and return defaulting defendants to the authorities to facilitate the timely administration of justice." *Vang*, 763 N.W.2d at 358.

Here, the defendant's bench warrant has been active for over two years and his whereabouts are still unknown. The primary purpose of bail has not been accomplished because defendant remains absent despite an extension of the bond payment's due date.

This factor weighs against reinstatement and discharge of the bail bond.

### *Good faith of surety as measured by willfulness of defendant*

A defendant's willfulness or bad faith is attributable to the surety. *Shetsky*, 239 Minn. at 474, 60 N.W.2d at 48. Appellant has not articulated any good cause for

defendant's absence. There is no indication that the state has done anything to impede appellant's efforts to produce defendant.

This factor weighs against reinstatement and discharge of the bail bond.

### Good faith efforts to apprehend defendant

Appellant claims that they have made efforts to recover defendant by: investigating defendant's whereabouts upon notification of forfeiture; speaking to defendant's family members; and sending a recovery agent to defendant's address in Washington. Appellant twice stated that they were "confident they will have defendant in custody" given their requested 90-day extensions.

But even when efforts to retrieve a defendant have been made, this court has upheld a district court's refusal to reinstate the bond. *See, e.g.*, *Williams*, 568 N.W.2d at 888; *Rodriguez*, 775 N.W.2d at 913–14. After reviewing the record, it appears that appellant's efforts to locate defendant have been somewhat sporadic. Despite appellant's claims that a second extension would allow them to apprehend defendant, his whereabouts remain unknown.

This factor is neutral.

### Prejudice to the state

This factor is "concerned solely with prejudice to the State in prosecuting the defendant." *Askland*, 784 N.W.2d. at 63. Here, defendant remains at large; therefore, the state has been prejudiced by its inability to prosecute the defendant.

This factor weighs against reinstatement and discharge.

7

Because the *Shetsky* factors weigh against reinstatement and discharge of the bond and the district court had no duty to notify appellant of defendant's first missed appearance, we conclude the district court did not abuse its discretion by forfeiting the bond and denying appellant's motion to reinstate and discharge it.

**Affirmed.**