David F. BRAITH, Petitioner,
Respondent,

v.

Laure Jean FISCHER, Appellant.

No. CX–00–1967.

Court of Appeals of Minnesota.

Aug. 7, 2001.

Review Denied Oct. 24, 2001.

Timothy L. Warnemunde, Attorney at Law, Montgomery, for respondent.

Dale C. Nathan, Nathan & Associates, Eagan, for appellant.

Considered and decided by ROBERT SCHUMACHER, Presiding Judge, and R.A. RANDALL, Judge and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

This is an appeal from an award of permanent unsupervised visitation. Appellant argues that the district court (1) erred by failing to comply with statutory requirements in conducting the evidentiary hearing; (2) abused its discretion in awarding unsupervised visitation; (3) erred by failing to comply with statutory requirements in appointing a parenting time expeditor; (4) abused its discretion in issuing a bench warrant for appellant's arrest due to her failure to appear in response to an order to show cause; and (5) was biased in favor of respondent. We affirm.

## FACTS

M.L.F. is the minor child of appellant Laure Fisher and respondent David Braith and was conceived during appellant's separation from her husband. But shortly after becoming pregnant she terminated the relationship with respondent and reconciled with her husband. She terminated the relationship with respondent and falsely told him that she had suffered a miscarriage; respondent didn't become aware of the child until one month after the birth of M.L.F.

Respondent was adjudicated the father of minor child M.L.F. by court order dated June 18, 1997. In the same order, appellant received sole legal and physical custody subject to supervised visitation by respondent, as scheduled by the guardian ad litem. The supervised visitation was ordered in light of respondent's limited contact with M.L.F., and limited experience as a parent, and was viewed as a way of establishing a parent-child bond. Christine M. Davis was appointed as the guardian ad litem.

Appellant did not cooperate with the visitation schedule and in August 1997, respondent brought a motion for contempt subsequently denied by the district court. During this same period, respondent also repeatedly contacted the guardian ad litem to express his frustration with the lack of cooperation and to protect his visitation rights.

At a July 8, 1998 hearing, respondent again sought district court involvement with the visitation issue. He also requested removal of Davis as guardian ad litem. By order dated July 24, 1998, the district court removed Davis and also modified the existing visitation schedule, increasing the frequency of supervised visitation, and adopted an unsupervised visitation sched-

ule beginning October 1, 1998, subject to approval by the new guardian ad litem.

Appellant again failed to cooperate with visitation from September 11, 1998, through December 16, 1998. The new guardian ad litem, Lori Ann Harold, brought a motion to show cause why appellant should not be held in contempt for failing to comply with the visitation schedule. By order dated December 16, 1998, the court found appellant in contempt of court, and ordered her to comply with the existing visitation schedule or face jail time. The new guardian ad litem recommended continued supervised visitation so that she could observe more visits before making a final recommendation on unsupervised visitation.

During the period between December 1998 and February 2000, supervised visitation appears to have gone fairly well, with respondent and M.L.F. developing a good relationship. But during this period, appellant again interfered with respondent's supervised visitation on numerous occasions. Appellant also accused respondent of inappropriately touching M.L.F. on September 27, 1999. This allegation was fully investigated and determined to be unfounded.

In February and March 2000, appellant brought motions for, among other things, reconsideration of the visitation issue. Respondent brought a counter-motion in April 2000, to have the court set a visitation schedule and find appellant in contempt for interfering with court-ordered visitation. The district court held a May 24, 2000 evidentiary hearing.

Both parties offered witness testimony and submitted documentary evidence. The district court concluded that respondent was entitled to unsupervised visitation and ordered unsupervised visitation to commence August 6, 2000. The court concluded there was no evidence of abuse or improper parenting on the part of respondent.

By motion dated June 30, 2000, appellant requested that the district court amend its findings and conclusions regarding unsupervised visitation, and requesting that the district court appoint a psychologist to evaluate the impact of unsupervised visitation by respondent on M.L.F. By order dated July 19, 2000, the district court granted appellant's motion for reconsideration, suspended unsupervised visitation but continued supervised visitation, and ordered Dr. Susan Nordin to evaluate M.L.F.

By order dated July 28, 2000, the district court also appointed attorney R. Kathleen Morris to conduct a visitation investigation pending the district court's reconsideration of its order granting unsupervised visitation. By amended order dated August 1, 2000, the district court appointed Morris as parenting time expeditor and charged Morris with the duty of completing a thorough investigation into the visitation issue and ordered her to make recommendations to the court.

Dr. Nordin apparently concluded there was no need for further evaluation to prepare M.L.F. for unsupervised visits with respondent and declined to proceed with an evaluation. Following her investigation, Morris submitted her report and recommendations to the court by letter dated August 31, 2000. Morris recommended a visitation schedule that included unsupervised visitation. Morris also concluded that M.L.F. was being hurt by appellant's attempts to alienate her from respondent.

Following the visitation investigation, the district court issued findings of fact and conclusions of law in an order dated October 2, 2000. The district court incorporated Morris' report, as well as the reports of the guardian ad litem and the

visitation reports of the visitation center where the supervised visitation occurred. The court found that

> [n]o persuasive evidence has been presented to the court that visitation with [r]espondent is likely to endanger the child's physical or emotional health or impair the child's emotional development.

The court further found that appellant had

> chronically and unreasonably failed to comply with court-ordered visitation, to such a degree that both the [g]uardian ad litem and the [v]isitation [i]nvestigator have recommended that [appellant] be sentenced to serve time in jail for contempt of court as ordered previously * * *.

The court also found that

> [appellant's] repeated allegations regarding [r]espondent's inappropriate behavior and inappropriate touching of the child are unfounded and based on [appellant's] wish to keep [r]espondent away from the child.

The court ordered that the interim parenting time schedule recommended by the visitation investigator be implemented immediately, effective October 6, 2000. The court issued a second order dated October 2, 2000, scheduling a final fact hearing on the matter for October 23, 2000.

On October 6, 2000, appellant failed to produce the child for supervised visitation with respondent pursuant to the October 2, 2000 order. As a result, in an order dated October 10, 2000, the district court ordered appellant to show cause on October 23, 2000, why she should not be found in contempt for disobeying its October 2, 2000 visitation order. The order stated that failure to appear could result in the issuance of a bench warrant.

On October 23, 2000, the district court held the final evidentiary hearing on the court's October 2, 2000 interim visitation order. Appellant failed to appear. Appellant's counsel acknowledged that appellant had intentionally failed to appear. Appellant's counsel offered the testimony of four witnesses present for the hearing, but candidly acknowledged to the district court that the testimony would be repetitive. The district court declined to hear the testimony, ruling that it would be cumulative. Appellant's counsel also requested that the district court hear testimony by phone of a psychologist from the Christian Recovery Center and Christine M. Davis, the former guardian ad litem. The district court declined to hear this testimony in part because appellant's counsel neglected to file the proper motion prior to the hearing. The court further ruled that appellant's intentional failure to appear constituted a waiver of her appearance and issued a bench warrant for her arrest. Finally, respondent sought to call Morris to testify about Dr. Nordin's conclusion that the child needed no further psychological evaluation before experiencing unsupervised visitation. The district court concluded that such testimony would be hearsay and did not allow it.

The district court concluded, in an order dated October 25, 2000, that it was in the best interests of M.L.F. for visitation to be transferred from supervised to unsupervised visitation, as previously recommended by the guardian ad litem and the visitation investigator. The district court ordered that the October 2, 2000 order would remain in effect by default as the final order regarding visitation issues.

This is an appeal from the portion of the October 2, 2000 order establishing permanent visitation/parenting time between respondent and M.L.F., as well as the October 25, 2000 order, setting a permanent parenting-time schedule.

## ISSUES

I. Did the district court abuse its discretion by awarding respondent unsupervised visitation with M.L.F. following the October 23, 2000 hearing?

II. Did the district court abuse its discretion by issuing a bench warrant for appellant's failure to appear in response to an order to show cause?

III. Did the district court err by failing to comply with statutory requirements governing the appointment of a parenting time expeditor?

IV. Did the district court demonstrate a bias in favor of respondent?

## ANALYSIS

### I.

Appellant argues that the district court failed to hold a meaningful hearing in response to her allegations of potential child endangerment. Appellant further contends that the district court abused its discretion and failed to make particularized findings regarding the child's best interests when it granted respondent unsupervised visitation.

■ The district court is granted broad discretion to determine what is in the best interests of the child when it comes to visitation and we will not overturn its determination absent an abuse of discretion. *Toughill v. Toughill,* 609 N.W.2d 634, 641 (Minn.App.2000) (citing *Olson v. Olson,* 534 N.W.2d 547, 550 (Minn.1995)). Procedural and evidentiary rulings are within the district court's discretion and are also reviewed under an abuse-of-discretion standard. *Lines v. Ryan,* 272 N.W.2d 896, 902 (Minn.1978).

■ Substantial modifications of visitation rights require an evidentiary hearing when, by affidavit, the moving party makes a prima facie showing that visitation is likely to endanger the child's physical or emotional well being. *See* Minn. Stat. § 518.175, subd. 5 (2000) (requiring evidentiary hearing if custodial parent makes specific allegations that visitation places custodial parent or child in danger of harm); *Lutzi v. Lutzi,* 485 N.W.2d 311, 316 (Minn.App.1992) (concluding custody modification standard governs substantial modifications of visitation rights). Insubstantial modifications or adjustments of visitation, on the other hand, do not require an evidentiary hearing and are appropriate if they serve the child's best interests. *Id.* at 316–17. "It is well established that the ultimate question in all disputes over visitation is what is in the best interest of the child." *Clark v. Clark,* 346 N.W.2d 383, 385 (Minn.App.1984), *review denied* (Minn. June 12, 1984).

■ Here, the record indicates that the district court, in a July 24, 1998 order, provided for unsupervised visitation to begin October 1, 1998, following a course of supervised visitation to be observed by the guardian ad litem. Appellant disobeyed this court order by failing to produce the child for visitation from September 11, 1998, through mid December 1998. For this she was found in contempt of court and incarcerated for less than a day. Because of appellant's refusal to produce the child for even supervised visitation after September 11, 1998, the guardian ad litem at the time informed the district court that she needed to observe additional supervised visitation before recommending unsupervised visitation. In essence, appellant's failure to comply with the July 24, 1998 order delayed the entire process and did so to her benefit. Further delay occurred in late 1999, when a new guardian ad litem was appointed. The new guardian ad litem reviewed the file and conduct-

ed her own investigation and testified at the May 24, 2000 hearing that unsupervised visitation could begin in the near future.

In the district court's order, which followed the May 24, 2000 evidentiary hearing, the court again concluded that respondent was entitled to unsupervised visitation. This time, the unsupervised visitation was set to begin on August 6, 2000. Appellant's subsequent motion to reconsider again delayed the pending unsupervised visitation. The district court, in its July 28, 2000 order, stayed its June 16, 2000 order granting unsupervised visitation pending its decision on appellant's June 30, 2000 motion.

Thus, the record contains two prior visitation orders granting unsupervised visitation to respondent. The unsupervised visitation detailed in these prior orders, as the record indicates, were either delayed or thwarted through the efforts of appellant and her attorney. We conclude that the district court's orders of October 2 and 25, 2000, as they apply to respondent's entitlement to unsupervised visitation, do not substantially modify the prior visitation orders. Appellant's challenge to the sufficiency of the October 23, 2000 evidentiary hearing is therefore moot because the record clearly indicates, and the district court has repeatedly found, that unsupervised visitation with respondent is in the best interests of M.L.F. An evidentiary hearing was not mandated under these circumstances. *See Lutzi,* 485 N.W.2d at 316 (no evidentiary hearing required where there is no substantial modification of visitation rights and modification serves child's best interests).

We will nevertheless address appellant's arguments regarding the sufficiency of the October 23, 2000 hearing. The statute does not specify what type of hearing is required. The Minnesota Rules of Civil Procedure allow a court to take evidence either by the submission of written documents, through oral testimony, or both. Minn. R. Civ. P. 43.05.

In its October 2, 2000 order, the district court made specific findings of fact and conclusions of law regarding the best interests of the child. The order incorporated by reference the report of the visitation investigator, and the reports of the guardian ad litem, the observation reports of the visitation center where the supervised visitation had occurred. The court had at its disposal significant documentary evidence establishing that appellant's failure to comply with previous court-ordered visitation was injurious to the child's emotional health and development. Both the visitation investigator and the guardian ad litem recommended that respondent have unsupervised visitation, and that appellant's persistent attempts to interfere with visitation must stop. Interim supervised visitation was ordered to begin on October 6, 2000.

In a separate October 2, 2000 order, the district court scheduled a final fact hearing to be held October 23, 2000. This order also stated that a failure to comply with the October 2, 2000 visitation order, discussed above, may constitute contempt of court.

On October 6, 2000, appellant failed to produce the child for supervised visitation with respondent as ordered October 2, 2000. By order dated October 10, 2000, the district court ordered appellant to show cause on October 23, 2000, why she should not be found in contempt for disobeying its October 2, 2000 visitation order.

Appellant intentionally failed to appear on October 23, 2000, as she had been ordered to do. Appellant contends that she was "frightened" into not attending the October 23, 2000 hearing. But it was ap-

pellant who chose not to comply with the October 2, 2000 order resulting in the order to show cause. This was not the first time that appellant disobeyed a legitimate court order; the contention that she was "afraid" simply has no merit.

■ Appellant argues that the district court failed to make particularized findings regarding the child's best interests. This is incorrect. The district court made detailed findings in its October 2, 2000 order, incorporated this order in its October 25, 2000 order, and again concluded that the visitation recommended by the guardian ad litem and the visitation investigator was in the child's best interests. The court stated on the record that the "interim order in all respects remains in effect, and [appellant] is duty bound to comply with that order in all respects."

■ Appellant argues that the district court failed to hold a meaningful hearing on October 23, 2000, because it failed to receive evidence concerning the best interests of the child. This is also incorrect. As stated, the court received and incorporated significant documentary evidence into its October 2, 2000 order. The guardian ad litem and the visitation investigator were also represented at the October 23, 2000 hearing.

■ Appellant was afforded the opportunity to present evidence and testimony at the October 23, 2000 hearing. Appellant mischaracterizes the district court's actions by arguing that the court refused to accept appellant's evidence and merely entered a default judgment. Appellant complains that four of her witnesses were not allowed to testify at the October 23, 2000 hearing. But the transcript reveals that the court was told by appellant's counsel that these witnesses would be cumulative and the court so ruled. The testimony of a witness for respondent was excluded

as hearsay. Appellant's counsel offered the testimony of two other witnesses by telephone, but the court concluded that this would be inappropriate. It was appellant's decision not to subpoena the psychologist from the Christian Recovery Center and the former guardian ad litem to permit testimony in person. Again, evidentiary issues are reviewed under an abuse-of-discretion standard. *Lines*, 272 N.W.2d at 902. Appellant's failure to properly submit evidence or testimony does not constitute a refusal to accept evidence on the court's part.

The court had the extensive record and documentary submissions to consider in making its decision. *See* Minn. R. Civ. P. 43.05 (allows court to hear matter on affidavits and wholly, or in part, on oral testimony as court may so direct); *Savoren v. Savoren*, 386 N.W.2d 288, 291 (Minn.App. 1986) (holding no abuse of discretion when court declined to allow oral testimony). The district court's findings are supported by competent evidence in the record, and the district court appropriately considered the best interests of the child. We conclude that the district court's October 2, 2000 and October 25, 2000 rulings are in conformance with the procedural safeguards set out in Minn.Stat. § 518.175, subd. 5, and therefore, the district court did not abuse its discretion.

## II.

■ The district court issued a bench warrant for appellant's failure to appear in response to its order that appellant show cause for failing to abide by a court-ordered visitation schedule. A finding of contempt was reserved pending a hearing. The district court determined, and appellant's counsel admitted, that appellant had proper notice of the order to show cause and the visitation proceedings scheduled for October 23, 2000, but intentionally

chose not to attend. Appellant challenges the court's actions as an abuse of discretion.

■ Appellant's argument is without merit. The district court is empowered to order appellant's arrest for her failure to appear. Minn.Stat. § 588.04 (2000); *Westgor v. Grimm*, 381 N.W.2d 877, 880 (Minn. App.1986). There is nothing in the record that would indicate any abuse of this discretion.

### III.

■ Appellant challenges the district court's appointment of R. Kathleen Morris as parenting time expeditor, arguing it failed to comply with the appointment procedures set out in Minn.Stat. § 518.1751 (2000). We review questions of law and statutory interpretation de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Minn.Stat. § 518.1751, subd. 1 (2000) provides that

upon the court's own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes that occur under a parenting time order * * *.

*Id.* The court appointed Morris as expeditor on August 1, 2000, pending its decision on appellant's June 30, 2000 motion.

The statute provides that, in appointing an expeditor, the parties may stipulate to the expeditor. *Id.*, subd. 2(a). If after exchanging names from the court administrator's roster, "the parties are unable to agree upon a parenting time expeditor, the court *shall* select" the expeditor. *Id.*, subd. 2(b) (emphasis added).

There is nothing in the record to indicate that a roster of potential expeditors was provided to the parties. But while the district court apparently omitted a required step, appellant bears the burden of demonstrating that this error was prejudicial. *See Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (to prevail on appeal a party must show error and that error caused prejudice); *see also* Minn. R. Civ. P. 61 (requiring harmless error to be ignored).

While appellant did object to Morris's recommendations, no objection was made by appellant to the appointment of Morris. Additionally, appellant has not demonstrated that she was prejudiced by the appointment of Morris, other than to disagree with Morris's recommendations. Finally, we find no evidence of prejudice in the record. Appellant has not shown the district court's error was prejudicial, and we conclude that any error in the process of appointing Morris was harmless.

■ In her reply brief, appellant attacks the expeditor's credibility. This alternative argument fails because appellant's attack on Morris's credibility appears for the first time in her reply brief, and is therefore not properly before us. *See Balder v. Haley*, 399 N.W.2d 77, 80 (Minn.1987) (stating issues not briefed are waived); *McIntire v. State*, 458 N.W.2d 714, 717 n. 2 (Minn.App.1990) (stating arguments not made in appellant's brief may not be revived in a reply brief), *review denied* (Minn. Sept. 28, 1990). Moreover, even if the argument were properly before us, we would reject it because the district court is in the best position to judge the credibility of the witnesses and make determinations in the face of conflicting testimony and must be given due deference. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn.1988).

### IV.

■ Finally, appellant alleges that the district court acted in a biased manner in favor of respondent. Appellant's argument appears to be essentially dissatisfaction with the district court's rulings and a

repackaging of her earlier arguments. First, appellant offers no evidence, other than dissatisfaction with the outcome, of any bias nor any authority for the claim of bias. Second, the issue of bias was not presented to the district court and we decline to address the issue. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating appellate courts do not address issues or theories not raised in district court); *Schoepke v. Alexander Smith & Sons Carpet Co.,* 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971) (stating assignment of error based on mere assertion and unsupported by argument or authority waived unless error is obvious).

## DECISION

We conclude that the modification of respondent's visitation rights was made after a consideration of the appropriate factors and that no evidentiary hearing was required. Therefore, the district court did not abuse its discretion. We affirm the merits of the district court's visitation-modification ruling because the record supports the district court's modification of visitation. The district court thoroughly considered the best interests of M.L.F. in reaching its decision. The district court did not abuse its broad discretion in excluding cumulative evidence, hearsay testimony, and telephone testimony. The district court did not abuse its discretion by issuing a bench warrant for appellant's arrest for her failure to appear in response to an order to show cause. While the district court failed to follow statutory procedure in appointing the parenting time expeditor, that error was harmless. Finally, we decline to address the issue of judicial bias because the matter was not properly raised before the district court.

Affirmed.