*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0140**

In re the Marriage of:
Christopher Pettey, petitioner,
Appellant,

vs.

Melissa Denise Pettey,
Respondent.

**Filed October 5, 2015
Affirmed in part, reversed in part, and remanded;
motions denied
Ross, Judge**

Wabasha County District Court
File No. 79-FA-14-181

David L. Liebow, Restovich Braun & Associates, Rochester, Minnesota (for appellant)

Jill I. Frieders, O'Brien & Wolf, L.L.P., Rochester, Minnesota; and

Kimball G. Orwoll, Rochester, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Rodenberg, Judge; and Harten, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

Christopher Pettey petitioned the district court to dissolve his marriage with Melissa Pettey but then did not attend the scheduled pretrial hearing or court trial. The district court divided the marital property based on Melissa's evidence and arguments, and it ordered Christopher to pay all attorney fees that Melissa incurred in the entire dissolution proceeding. Christopher unsuccessfully sought a new trial based on his contention that he did not receive notice of the hearings, and he now appeals the district court's property division, attorney-fee award, and refusal to retry or reopen the case. We reverse in part and remand because the district court improperly awarded marital property to a nonparty and because its attorney-fee award lacks sufficient findings for this court to review the award's propriety. We otherwise affirm.

## FACTS

Christopher Pettey petitioned the district court in February 2014 to dissolve his 22-year marriage with Melissa Pettey. Christopher's petition stated that he was represented by attorney Jessica Schimelpfenig, and he listed the marital home he shared with Melissa in Zumbro Falls as his address. The district court issued a scheduling order in response to the petition on May 6, 2014. The next day, Schimelpfenig withdrew from representing Christopher. Her notice of withdrawal stated a Rochester address for all future pleadings to be served on Christopher.

The district court's May 6 scheduling order announced a pretrial hearing to occur on October 7 and trial to occur on October 24, 2014. Melissa appeared at the hearing, but

2

Christopher did not. She also appeared at the trial, and Christopher did not. Melissa was the only trial witness. Her attorney submitted 43 exhibits detailing Melissa and Christopher's financial assets. Melissa requested that the court equally divide their marital property, and she requested no spousal maintenance.

A week after the trial, Melissa's attorney submitted an affidavit of fees. The affidavit stated that Melissa had incurred $17,800.39 in fees and expenses from the initiation of the case through October 29, 2014.

The district court issued its judgment and decree on November 10, 2014. It divided the property as Melissa requested. The court found that Christopher's failure to participate in the proceeding unreasonably contributed to its length and expense, and, as a consequence, the court ordered him to pay $17,800.39 to cover Melissa's attorney fees. The next month the district court issued a summary-real-estate disposition judgment covering the sale of the couple's Zumbro Falls home.

Christopher obtained new counsel and on December 24, 2014, filed a motion to stay the dissolution judgment and decree and the real-estate disposition judgment. He asked the district court to vacate its orders and reopen the case for a new trial. He asserted that he never received notice of the hearing and trial. He stated that the Rochester address that he provided through his previous attorney was actually his mother's address and that he stayed there only from January to March 2014. He claimed that he resided at a campground in Zumbro Falls from March to September, after which he moved to Devils Lake, North Dakota. He said that he had no cellular or other telephone service in Devils

3

Lake. He also stated that his previous attorney never gave him the May 2014 scheduling order.

The district court held a hearing on Christopher's motions and summarily denied them.

Christopher appeals.

## D E C I S I O N

Christopher challenges the district court's division of property, its award of attorney fees to Melissa, and its denial of his motion for a new trial or to reopen the judgment and decree. We address each argument in turn.

## I

Christopher contests the district court's property division. We will uphold the district court's property division in a dissolution unless the district court's decision exceeds its broad discretion. *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). We consider whether the district court had a basis in fact and reason, and, if it did, we will affirm its decision even if we might have divided the property differently. *Id.* We apply this standard to Christopher's three challenges to the property division.

Christopher's first challenge results from the district court's decision to award him a business that the couple owned. He argues that the district court abused its discretion by awarding him the Rochester Siding Company without including any valuation of the company. The district court had to assign the business to one of the parties or otherwise order its disposition, and it received reasonable evidence indicating that ownership should go to Christopher. Christopher is correct that the district court did not ascribe any value to

4

the business, but he does not direct us to any evidence from which the district court could have found the value. *See Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App. 2003) (stating that "a party cannot complain about a district court's failure to rule in [the party's] favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence that would allow the district court to fully address the question."), *review denied* (Minn. Nov. 25, 2003). He also fails to direct us to any evidence from which the district court could have discerned that awarding the business to Christopher without assigning any value to it would have prejudiced Christopher. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored); *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975) (stating that, to prevail on appeal, a party must show error and that error caused prejudice); *see also Braith v. Fischer*, 632 N.W.2d 716, 724 (Minn. App. 2001) (citing rule 61 and *Midway Ctr. Assocs.* in a family-law appeal), *review denied* (Minn. Oct. 24, 2001). The first challenge fails.

Christopher next argues that the district court overvalued firearms and taxidermic animals it awarded to him. We review a district court's valuation of property under the clear-error standard. *Maurer v. Maurer*, 623 N.W.2d 604, 606 (Minn. 2001). The district court based its $22,455 valuation on Melissa's unopposed trial testimony that she had researched the value of the guns and the taxidermy cost. Christopher contends that the district court should have determined the taxidermy value based on the current fair-market resale value of the objects rather than on the cost to replace them. Assuming without deciding that his valuation theory is correct, Christopher cannot prevail on this

point because he directs us to no evidence from which the district court could have determined that the replacement cost differs from the fair-market value. Because he gives us no evidentiary basis on which we can determine that the district court clearly erred in assigning value, we have no ground on which to reverse the finding. This challenge also fails.

Christopher's final property-division challenge concerns a 1999 Honda sedan that the parties' son drives. Melissa testified that she and Christopher bought the car as a gift for their son. She also testified that their son made all the subsequent payments on the car loan but that the car's title remains solely in Christopher's name. The district court did not specify whether it considered the car marital property. It ordered Christopher to assign the certificate of title to his son. Christopher contends that the order exceeds the scope of the district court's authority in a dissolution case.

Christopher is correct. We have held that the district court erred when it "awarded to [a] nonparty an interest in property that, on its face, was marital property," and we have concluded that, "in a dissolution proceeding, a district court lacks personal jurisdiction over a nonparty and cannot adjudicate a nonparty's property rights." *Danielson v. Danielson*, 721 N.W.2d 335, 339 (Minn. App. 2006). Our review is somewhat difficult here because the district court did not expressly find that the car is (or is not) marital property. It appears to us that the district court implicitly considered the car to be marital property, assumed that the parties' son is the equitable owner of it, and reasoned that directing its title to the son would simply fulfill the parties' intent to pass ownership from Christopher to the son once the son paid off the car. Given our caselaw,

regardless whether the district court assumed that the car is nonmarital property belonging to Christopher, marital property belonging to both parties, or property belonging to the parties' son rather than to either party, the district court had no basis on which to order Christopher in this proceeding to divest himself of his title ownership.

Christopher therefore persuasively argues that the dissolution court cannot direct marital property to a nonparty. Because the parties purchased the Honda during the marriage, the car presumptively constitutes marital property, and no evidence rebuts that presumption. *See* Minn. Stat. § 518.003, subd. 3b (2014). Although it is unclear how Christopher's success on this challenge benefits him, he prevails on it. Based on our rationale in *Danielson*, we validate his argument that the district court erred by ordering him to divest himself of the car's title ownership in this dissolution proceeding. We remand to allow the district court to amend its property division accordingly, which includes determining, in its discretion, whether to add an equalizer amount that will compensate Melissa for her share of the car as marital property that has been awarded to Christopher. We otherwise affirm the district court's property division.

## II

The district court awarded Melissa $17,800.39 in conduct-based attorney fees and costs. Christopher challenges this award. A district court has the discretion to award attorney fees against a party "who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2014). An award of conduct-based attorney fees rests almost completely in the district court's discretion, and we will not

7

reverse it unless we see a clear abuse of that discretion. *Crosby v. Crosby*, 587 N.W.2d 292, 298 (Minn. App. 1998), *review denied* (Minn. Feb. 18, 1999).

Christopher argues that the district court improperly awarded attorney fees because Melissa did not move for them under Minnesota Rule of General Practice 119.01. But a district court may waive the requirements of rule 119 when "the court is familiar with the history of the case and has access to the parties' financial information." *Gully v. Gully*, 599 N.W.2d 814, 826 (Minn. 1999). The same judge presided over the dissolution proceeding during the entire nine months of its litigation in district court and had access to much of the couple's financial information because of Melissa's cooperation. The court certainly lacked complete information, but this was due mainly to Christopher's lack of participation. Given the district court's breadth of discretion, we hold that the court did not abuse its discretion by awarding attorney fees even though the requirements of rule 119 were not met.

But we are persuaded by Christopher's argument that the attorney-fees award may be excessive. "The district court must make findings to explain an award of conduct-based attorney fees." *Brodsky v. Brodsky*, 733 N.W.2d 471, 477 (Minn. App. 2007). The district court awarded Melissa *all* attorney fees that she incurred throughout the entire dissolution case. Neither its conclusory finding that Christopher's failure to participate in the proceeding unreasonably contributed to its length and expense nor the circumstances apparent to us from the record allow us to discern any relationship between Christopher's unreasonable conduct and the amount of fees awarded. Melissa's attorney conceded at oral argument before this court that a district court abuses its discretion by failing to

correlate the conduct that supports a conduct-based fee award and the amount of that award. Given the lack of findings, we cannot analyze the district court's exercise of discretion in awarding the fees. We can infer at least that the award includes fees that Melissa would have incurred regardless of Christopher's failure to participate. We remand and instruct the district court to make relevant findings and, if appropriate, amend its award of conduct-based fees consistent with those findings. In its discretion, the district court may reopen the record if necessary to receive evidence and argument bearing on the relationship between the misconduct and any fee award.

### III

The district court denied Christopher's motion to conduct a new trial under Minnesota Rule of Civil Procedure 59.01 or alternatively to vacate the judgment and decree and reopen the case under Minnesota Statutes section 518.145 (2014). We reject Christopher's challenge to these denials.

A district court may grant a new trial in the event of "[i]rregularity in the proceedings of the court, . . . or prevailing party, . . . whereby the moving party was deprived of a fair trial" or "[m]isconduct of the . . . prevailing party." Minn. R. Civ. P. 59.01. A decision to grant a new trial under this rule lies within the discretion of the district court. *Frazier v. Burlington N. Santa Fe Corp.*, 811 N.W.2d 618, 629 (Minn. 2012). Even if Christopher established one of the bases for a new trial, the district court lacked any discretion to grant him a new trial unless he also demonstrated prejudice, which is the main factor in determining whether to order a new trial. *See Wild v. Rarig*, 302 Minn. 419, 433, 234 N.W.2d 775, 786 (1975).

We see no prejudicial irregularity or misconduct in the proceedings. Christopher complains that he did not receive notice of the hearings or filings, either from the district court or from Melissa. But the district court disclosed the hearing and trial dates in its scheduling order, which it issued while Christopher's initial attorney still represented him. Although that attorney withdrew from representation the following day, it is well settled that a court's notice to an attorney constitutes notice to the party whom the attorney represents. *See Lebanon Sav. Bank v. Hallenbeck*, 29 Minn. 322, 326, 13 N.W. 145, 147 (1882) (holding that notice to an attorney constituted notice to the attorney's clients). Christopher had notice of the pretrial hearing and the bench trial, both of which occurred on the dates indicated in the scheduling order. Christopher claims that he never received the scheduling order from his attorney either before or after she withdrew from representing him. But this is not a matter of misconduct by an opposing party or a procedural irregularity by the court.

Although we make our decision on this challenge based on the law and independent of evidence that Christopher actually did receive notice, we observe that the record suggests that Christopher's failure to attend the hearings and trial was a matter of his own strategy rather than a matter of his alleged lack of actual notice. Melissa provided an affidavit from Christopher's pastor in response to Christopher's motion for a new trial. The pastor's affidavit testimony indicates that Christopher spoke to the pastor about the dissolution "on numerous occasions" and that Christopher also discussed the hearing dates. The pastor stated that he had "no doubt" that Christopher did not attend the hearings specifically to "buy[] time so as to drag this matter out." Again, our affirmance

10

does not depend on this evidence, but it adds support for the district court's discretionary decision to refuse to grant a new trial under rule 59.01. We affirm that decision.

Christopher does not state any additional basis for reopening the judgment and decree under Minnesota Statutes section 518.145, subdivision 2. The district court implicitly found that Christopher did not demonstrate any grounds for reopening the judgment, and Christopher does not explain how this conclusion is in error. We therefore affirm the district court's refusal to reopen the judgment.

We do not rely on any material included in Melissa's motion to supplement the record with additional affidavits of service. We therefore deny as unnecessary Christopher's motion to strike that material and Melissa's references to it in her brief.

**Affirmed in part, reversed in part, and remanded; motions denied.**