*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0972**

In re the Marriage of:
Reno L. Brandt, petitioner,
Appellant,

vs.

Jessie J. Johnson,
f/k/a Jessie J. Brandt,
Respondent.

**Filed August 15, 2016
Affirmed
Jesson, Judge**

Otter Tail County District Court
File No. 56-FA-14-365

Reno L. Brandt, Fergus Falls, Minnesota (pro se appellant)

Samuel Johnson, Johnson Law Office, Ltd., Wahpeton, North Dakota (for respondent)

Considered and decided by Jesson, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

Appellant Reno L. Brandt, acting pro se, argues that the district court abused its discretion by denying his motion for a new trial following the judgment dissolving his marriage to respondent Jessie J. Johnson. We affirm.

## FACTS

Brandt and Johnson had been married for approximately two and one-half years when the district court dissolved their marriage by judgment in 2014. Brandt is self-employed as a disc jockey and also receives Social Security disability payments. Johnson is employed as a personnel coordinator at Wal-Mart. The parties have no children in common.

On August 1, 2014, after the dissolution petition was filed and the matter was scheduled for trial, Brandt's attorney delivered a letter to the district court judge requesting a continuance based on Brandt's health issues. The district court granted the continuance the same day. On August 7, 2014, Johnson's attorney wrote to the district court and Brandt's attorney, objecting to the continuance and including copies of social media entries indicating that Brandt had been attending a festival the night before the originally scheduled trial.

After a trial on property-division issues, the district court dissolved the parties' marriage. Brandt, acting pro se, moved for a new trial. He raised several arguments, including that: (1) the letter from Johnson's attorney amounted to improper ex parte communication with the district court, and it biased the judge against him; (2) the district court abused its discretion by admitting into evidence a list of his claimed property, which was drafted only for settlement purposes; and (3) the district court abused its discretion by holding Brandt partially responsible for a cable television bill, which he alleged was incurred by Johnson before the parties' marriage. The district court denied the motion. The district court found that when deciding to grant the continuance, it did

not consider Johnson's letter, which had not yet been received. It found that it had admitted the challenged property list in the context of Brandt's claim that Johnson possessed a large number of his personal-property items, and the list assisted the court in determining whether those items had been returned. And it found that Johnson's version of the circumstances of the cable-television bill was more credible than Brandt's, and it was just and equitable to split that debt between the parties. Brandt appeals. Because Johnson has not filed a brief, we consider this matter on its merits under Minn. R. Civ. App. P. 142.03.

### DECISION

This court reviews the district court's decision on a motion for a new trial for an abuse of discretion. *Halla Nursery, Inc. v. Baumann–Furrie & Co.*, 454 N.W.2d 905, 910 (Minn. 1990). Prejudice is the primary consideration in determining whether to grant a new trial. *Wild v. Rarig*, 302 Minn. 419, 433, 234 N.W.2d 775, 786 (1975). Brandt argues that the district court abused its discretion in several respects by denying his motion for a new trial.

#### *Irregularity in proceedings*

A district court may grant a new trial for several reasons, including "[i]rregularity in the proceedings of the court . . . or any order or abuse of discretion, whereby the moving party was deprived of a fair trial." Minn. R. Civ. P. 59.01(a). "An irregularity is a failure to adhere to a prescribed rule or method of procedure not amounting to an error in a ruling on a matter of law." *Boschee v. Duevel*, 530 N.W.2d 834, 840 (Minn. App. 1995) (quotation omitted), *review denied* (Minn. June 14, 1995). To receive a new trial

3

based on an irregularity in the proceedings, a party must establish both that an irregularity occurred and that he or she was deprived of a fair trial. *Id.*

Brandt argues that the district court improperly received the August 7 letter, which amounted to ex parte communication and influenced the district court judge to become biased against him. A judge shall not sit on a case if that judge might be excluded for bias. Minn. R. Civ. P. 63.02. Disqualifying bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from her participation in the case." *In re Welfare of D.L.*, 479 N.W.2d 408, 415 (Minn. App. 1991), *aff'd*, 486 N.W.2d 375 (Minn. 1992). Here, the judge granted Brandt's request for a continuance on August 1, and when she later received the August 7 letter, she did not revisit that decision. And the district court found that the topic of the letter was discussed briefly during Brandt's cross-examination but was not considered in resolving issues relating to the dissolution. Further, the letter was not ex parte communication because it was also sent to Brandt's counsel. There is nothing in the record to indicate that the contents of the August 7 letter influenced the district court's consideration of the case so as to sustain a determination of bias warranting a new trial. Therefore, the district court did not abuse its discretion by declining to grant a new trial on the basis of this argument.

***Errors of law***

The district court may grant a new trial based on "[e]rrors of law occurring at the trial, and objected to at the time." Minn. R. Civ. P. 59.01(f). Brandt argues that, under Minnesota Rule of Evidence 408, the district court erred by admitting into evidence a

4

property list that he had submitted to his attorney because the list was prepared for settlement negotiations. Generally, evidentiary rulings are reviewed for an abuse of discretion. *Braith v. Fischer*, 632 N.W.2d 716, 721 (Minn. App. 2001), *review denied* (Minn. Oct. 24, 2001). But rule 408 is an exclusionary rule, and if a statement violates that rule, a district court does not have discretion to admit the statement. *C.J. Duffey Paper Co. v. Reger*, 588 N.W.2d 519, 524 (Minn. App. 1999), *review denied* (Minn. Apr. 28, 1999).

Rule 408 prohibits admission of evidence of conduct or statements made in compromise negotiations to prove liability for, invalidity of, or value of a claim. Minn. R. Evid. 408. Exclusion of such evidence is not required, however, when it is offered "for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." *Id.* Rule 408 has been narrowly construed to prohibit admission of evidence only when (1) the evidence pertains to a compromise on "a claim which was disputed as to either validity or amount"; (2) the evidence is offered to "prove liability for or invalidity of the claim or its amount"; and (3) "the evidence is not offered for another legitimate purpose." *C.J. Duffey Paper Co.*, 588 N.W.2d at 524.

At trial, Brandt's attorney introduced Exhibit 1, which listed Brandt's claimed personal property, including items that he alleged that he had not received back from Johnson. When cross-examining Brandt, Johnson's attorney introduced Exhibit 29, a different property list that Brandt had originally sent to Johnson's attorney. Brandt did not object. Johnson then sought to introduce Exhibit 32, another itemized list that Brandt

5

had sent to Johnson's attorney. Brandt's attorney then objected on the basis that both letters were evidence of settlement negotiations. The district court ruled that Exhibit 32 could be used in eliciting testimony but that the document itself would not be received. In denying Brandt's motion for a new trial, the district court found that Brandt had not objected to the admission of Exhibit 29, which it had received "for the purpose [of proving that], to the best of [Johnson's] ability, [Brandt's] personal items had been returned to him." Therefore, it determined that rule 408 did not apply.

Brandt argues that he objected to both Exhibits 29 and 32 and that they were both impermissible as settlement negotiations. But the district court did not err by concluding that rule 408 did not preclude the admission of Exhibit 29 when it was offered for the legitimate purpose of challenging Brandt's credibility on whether certain items had been returned to him. *See C.J. Duffey Paper Co.*, 588 N.W.2d at 524. And any error in allowing testimony relating to unadmitted Exhibit 32 was not prejudicial when the district court was already considering Exhibit 29, which differed materially from Brandt's position at trial that certain property had not been returned. *See Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 46 (Minn. 1997) (stating that entitlement to a new trial on the basis of an evidentiary decision rests on the complaining party's ability to show prejudice). Therefore, Brandt has failed to show that the district court abused its discretion by failing to order a new trial based on an error of law.

### *Decision not justified by law*

A new trial may be granted if "[t]he verdict, decision, or report is not justified by the evidence, or is contrary to law." Minn. R. Civ. P. 59.01(g). Brandt challenges the

6

district court's findings on property division, arguing that they are not justified by the evidence. A district court has broad discretion in dividing property in a marital dissolution case, and an appellate court will affirm the district court's "division of property if it had an acceptable basis in fact and principle even though we might have taken a different approach." *Antone v. Antone*, 645 N.W.2d 96, 100 (Minn. 2002). We rely on the district court's findings of fact unless they are clearly erroneous. *Id.* A finding of fact is clearly erroneous if the "appellate court is left with the definite and firm conviction that a mistake has been made." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotation omitted).

Brandt raises specific objections to the district court's property division.[1] He argues that the district court abused its discretion by awarding all of the personal property in Johnson's possession to her and failing to divide the parties' vehicles, including a Cutlass Sierra and a GMC Jimmy. Although property should be divided in an equitable fashion, it need not be an equal division. *Crosby v. Crosby*, 587 N.W.2d 292, 297 (Minn. App. 1998), *review denied* (Minn. Feb. 18, 1999). This court defers to the district court's

---

[1] Brandt argues that the district court abused its discretion by admitting Johnson's inconsistent statements regarding the parties' property but declining to consider his own consistent statements. To the extent that Brandt may be challenging the admission of evidence as hearsay, he did not preserve that objection by making it at trial. "Where allegedly improper or prejudicial evidence has been admitted without objection, a party may not object to its admissibility for the first time in a motion for a new trial or on appeal." *Helm v. El Rehbein & Son, Inc.*, 257 N.W.2d 584, 587 n.2 (Minn. 1977). In any event, Brandt's objections to Johnson's statements appear to relate to alleged inconsistencies in her trial testimony, rather than prior out-of-court statements. *See* Minn. R. Evid. 801(c), (d)(1)(A), (d)(1)(B) (stating that hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted" and providing rules for admission of prior inconsistent and consistent statements).

credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). The district court implicitly credited Johnson's testimony that the Sierra was towed away and used in a demolition derby and that she purchased a Jimmy in 2012 and later sold it for $400.

Brandt also argues that the district court erred by concluding that an RV camper was Johnson's nonmarital property because she testified that both parties' names were on the RV title. *See* Minn. Stat. § 518.003, subd. 3b (2014) (defining nonmarital property). But the district court granted Johnson the RV based on evidence that she had been making payments on it for at least two-and-one-half years before the parties' marriage, and the district court noted that Brandt failed to submit evidence of the title. A party cannot complain that a district court's ruling is deficient when that party failed to produce evidence to support his or her claim. *Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App. 2003), *review denied* (Minn. Nov. 25, 2003). The district court's findings on property division are not clearly erroneous, and it did not abuse its discretion by denying the motion for a new trial on the basis that its decision was unsupported by the evidence.

*Newly discovered evidence*

Another ground for ordering a new trial is "[m]aterial evidence newly discovered, which with reasonable diligence could not have been found and produced at trial." Minn. R. Civ. P. 59.01(d). The district court found that the parties incurred a debt during their marriage of $758.55 owed to Mid-Continent Cable, and it divided this debt evenly between the parties. The district court apportions debt under the same principles it

8

apportions property.  *Justis v. Justis*, 384 N.W.2d 885, 889 (Minn. App. 1986), *review denied* (Minn. May 29, 1986).

In seeking a new trial, Brandt argued that he produced newly discovered evidence of bills from other cable providers during the marriage, which show that the Mid-Continent bill was Johnson's premarital debt.  But the district court found that the additional statements were dated well before trial and were not newly discovered evidence that, with reasonable diligence, could not have been produced at trial.  The district court found Johnson's testimony on the cable bill at trial to be more credible than Brandt's version and that its finding was justified by the evidence.  We conclude on this record that the district court did not abuse its discretion by declining to grant a new trial on the basis of newly discovered evidence.

**Affirmed.**