784 N.W.2d 60 (2010)
STATE of Minnesota, Respondent,
v.
Timothy Clyde ASKLAND, Defendant,
Howe Bonding, Appellant.
No. A08-1630.
Supreme Court of Minnesota.
June 24, 2010.
*61 Lori Swanson, Attorney General, St. Paul, MN; and Kristen Nelsen, Mower County Attorney, Jeremy Clinefelter, Assistant County Attorney, Austin, MN, for respondent.
Frank Arend Schulte, St. Paul, MN, for appellant.

OPINION
GILDEA, Justice.
This appeal arises from a district court's denial of Howe Bonding's petition for reinstatement and discharge of a forfeited $10,000 bail bond. At issue is whether the district court erroneously applied the Shetsky factorsthe test we articulated for determining whether a forfeited bond should be reinstated. See In re Shetsky, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953). Because we conclude that the district court erred, we reverse and remand with instructions.
Timothy Askland, charged with two counts of felony failure to pay child support, failed to appear at his November 2006 arraignment. Askland was later apprehended, but was released after he posted a $10,000 bail bond executed by appellant, Howe Bonding. On May 24, 2007, Askland again failed to appear at a scheduled hearing. Because of Askland's failure to appear, the district court issued an order on June 14, 2007, forfeiting Askland's bail bond and ordering Howe Bonding to pay the court $10,000 within 90 days. On September 14, 2007, the court granted Howe Bonding's request for a 45-day extension to pay the $10,000. Howe Bonding's request included assertions that bounty hunters were actively tracking Askland. After the expiration of the extension on October 29, 2007, Howe Bonding had still not apprehended Askland, and it paid $10,000 to the district court.[1]
Later, Howe Bonding's bounty hunters located Askland in Louisiana and were able to return him to the Mower County District Court by early December 2007. On December 7, 2007177 days after the district court ordered the bond to be forfeitedHowe Bonding petitioned the court for reinstatement and discharge of the bond. The district court denied the petition in a one-sentence handwritten note stating "[r]einstatement and discharge is denied." Howe Bonding appealed the denial to the court of appeals, which dismissed the appeal when the parties stipulated to a remand so the district court could make findings. Pursuant to that dismissal order, the district court held an evidentiary hearing regarding Howe Bonding's petition on June 27, 2008.
At the hearing, Howe Bonding called two witnesses who testified about the steps the bonding company took to track, apprehend, and deliver Askland to Mower County. Howe Bonding entered an exhibit showing that it spent $3,135.19 to apprehend Askland. The State did not offer any evidence at the hearing, nor did it refute any testimony of Howe Bonding's witnesses. But the State did assert that the victim was prejudiced by the length of time Askland was a fugitive, though it did not explain precisely how.
*62 The district court again denied Howe Bonding's petition for reinstatement of the bond, making findings of fact and writing a memorandum. In the memorandum, the court evaluated the Shetsky factors and concluded that prejudice to the government outweighed Howe Bonding's good-faith efforts to apprehend Askland. The prejudice to the government found by the district court was that the court had disbursed the $10,000 bond amount to Mower County and that it would be difficult for the county to pay this money back to the court.
The court of appeals affirmed the district court's denial, holding that the district court did not abuse its discretion. State v. Askland, No. A08-1630, 2009 WL 2366141, at *5 (Minn.App. Aug.4, 2009). The court of appeals also addressed the fact that the district court considered, in its weighing of the Shetsky factors, its disbursement of the $10,000 bond amount to the county, but the appeals court concluded that the disbursement constituted a harmless error. Id. at *3-5. Howe Bonding appealed, and we granted review. The sole issue in this case is whether the district court erred in its denial of Howe Bonding's petition for reinstatement of its bail bond.
We review a denial of a petition for reinstatement of a forfeited bail bond for abuse of discretion. State v. Storkamp, 656 N.W.2d 539, 541 (Minn.2003) (citing Shetsky, 239 Minn. at 471, 60 N.W.2d at 46). A district court abuses its discretion when it bases its conclusions on an erroneous view of the law. Storkamp, 656 N.W.2d at 541 (citing Almor Corp. v. County of Hennepin, 566 N.W.2d 696, 701 (Minn.1997)).
State statute and court rule address the question of reinstatement of a forfeited bail bond. Minnesota Statutes § 629.59 (2008) states that when a bail bond is forfeited, "the court may forgive or reduce the penalty according to the circumstances of the case and the situation of the party on any terms and conditions it considers just and reasonable." Rule 702(f) of the Minnesota General Rules of Practice narrows a court's discretion:
A petition for reinstatement filed between ninety (90) days and one hundred eighty (180) days from the date of forfeiture shall be heard and determined by the judge who ordered forfeiture or the judge's successor and reinstatement may be ordered on such terms and conditions as the court may require, but only with the concurrence of the chief judge and upon the condition that a minimum penalty of not less than ten percent (10%) of the forfeited bail be imposed.
But, under both the statute and the rule, the question of whether to reinstate a forfeited bond is committed to the sound exercise of judicial discretion.
In In re Shetsky, we identified four factors as guiding the exercise of that discretion. 239 Minn. at 471, 60 N.W.2d at 46. The Shetsky factors are (1) the purpose of bail, the civil nature of the proceedings, and the cause, purpose and length of a defendant's absence; (2) the good faith of the bond company as measured by the fault or willfulness of the defendant; (3) the good-faith efforts of the bond company to apprehend and produce the defendant; and (4) any prejudice to the State in its administration of justice. Id.; see also Storkamp, 656 N.W.2d at 542. The burden to establish that the factors weigh in favor of reinstatement lies with Howe Bonding. Storkamp, 656 N.W.2d at 542. But the burden is on the State to prove any claimed prejudice. See id.
The district court relied most heavily on the fourth factorprejudice to the Statein denying Howe Bonding's petition *63 and so we begin our analysis with this factor. The court found that "the prejudice to the State and the Courts far outweighs the effort by the Surety to apprehend and produce" Askland. The court denied Howe Bonding's petition "[b]ased upon that balancing of interests."
The court concluded that the prejudice to the State was a "substantial factor" because the proceeds of the forfeited bond had already been disbursed. The district court stated in its memorandum that:
Unfortunately, in the real world, the amount cannot now be recovered from the mother. Therefore, if the Court totally reinstated the bond, the County would be liable for the amount of the bond, totaling $10,000. Parenthetically, the County would be paying twice, once to support Defendant's child through Human Services, and then to reimburse the bonding company. The ultimate harm would fall upon parent and child who are seeking recovery of child support payments.
We are not insensitive to the financial predicament that confronted the district court, but the prejudice-to-the-State factor in the Shetsky analysis is concerned solely with prejudice to the State in prosecuting the defendant. See Storkamp, 656 N.W.2d at 542 ("[W]hen the prosecution provides evidence that it was deprived of proof or otherwise adversely affected because of the defendant's unexcused absence, this weigh[s] heavily against the remittance of the forfeited bond."); Shetsky, 239 Minn. at 474, 60 N.W.2d at 47-48 (concluding defendant's 18-month, unjustified absence from trial prejudiced the state because it "delayed and thwarted the administration of justice [and] also prejudiced the state by causing it and other public authorities to incur a heavy expense in effecting [defendant's] apprehension").
The State presented no evidence that its prosecution of Askland was in any way prejudiced by his flight from the county. And the State did not even argue, much less attempt to prove, that any witnesses or evidence were lost during Askland's absence. Indeed, once he was located and returned to the court, Askland pleaded guilty to all of the charges against him. The State likewise made no argument that it incurred any undue expense in retrieving or prosecuting Askland. In short, when the prejudice-to-the-State factor is properly assessed, it is clear that the State did not demonstrate prejudice. The district court therefore erred in concluding that prejudice to the State outweighed Howe Bonding's good faith in apprehending Askland.[2]
We turn next to the question of remedy. If we conclude, as we have, that the district court erred in its application of the fourth Shetsky factor, the State asks us to remand the petition to the district court for reconsideration. Howe Bonding asks that we remand with instructions that its bond be reinstated. In Storkamp, we concluded that the district court made an error of law in determining "that the defendant's *64 bad-faith conduct automatically trumped [the bonding company's] good-faith apprehension of Storkamp and the lack of prejudice to the [S]tate." 656 N.W.2d at 542-43. We did not remand to the district court for it to reconsider the question. Id. at 543. We adhere to the same approach in this case.
We conclude that the court's error of law in misconstruing the prejudice-to-the State prong was an abuse of discretion. Based on this conclusion and our review of the record, we reverse the court of appeals and remand to the district court for reinstatement, discharge, and refund of the forfeited bond, less the 10% penalty mandated by Minn. Gen. R. Prac. 702(f).[3]
Reversed and remanded with instructions.
NOTES
[1] Some time in late 2007, the district court disbursed the $10,000 forfeited-bond amount to Mower County and the county apparently thereafter gave this amount to the mother of Askland's child. As both parties recognize, the release of the forfeited bond amount in this case contravened Minn. Gen. R. Prac. 702(g), which states that all forfeited bail money must be deposited in the state treasury.
[2] The court of appeals misconstrued the legal issue in this case and characterized the district court's distribution of the $10,000 bond amount to the county as harmless error. See State v. Askland, No. A08-1630, 2009 WL 2366141, at *4 (Minn.App. Aug.4, 2009). Though the district court's action was clearly "error" in the vernacular sense, whether the district court improperly gave away the $10,000 is not a legal issue in this case. The issue in this case, rather, is whether the district court erred in determining whether to return forfeited bail bond to Howe Bonding. Part of the analysis of this issue is a consideration of whether the district court improperly considered its distribution of the $10,000 when it undertook its Shetsky analysis. But that is different from a consideration of whether the distribution itself was improper, which is not an issue before us.
[3] We acknowledge that Minn. Gen. R. Prac. 702(f) states that a district court may grant a bond-reinstatement petition made between 90 and 180 days after forfeiture with consent of the chief judge of the district. But the parties do not contend that that requirement is a barrier to reinstatement.