STATE of Minnesota, Respondent,

v.

Jordan Charles MULCAHY, Defendant,

Freedom Bail Bonds, et al., Appellants.

No. A11–1136.

Court of Appeals of Minnesota.

June 11, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Janelle P. Kendall, Stearns County Attorney, Michael J. Lieberg, Assistant County Attorney, St. Cloud, MN, for respondent.

Frank Arend Schulte, St. Paul, MN, for appellants.

Considered and decided by CONNOLLY, Presiding Judge; LARKIN, Judge; and COLLINS, Judge.*

## OPINION

CONNOLLY, Judge.

Appellants, a bond company and its surety, challenge the ten percent penalty imposed by the district court on the reinstatement of their bonds under Minn. R. Gen. Pract. 702(f). Because district courts have no discretion to forgive or reduce this penalty, we affirm.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

Between May 2010 and November 2010, appellant Freedom Bail Bonds and its surety, appellant Minnesota Surety and Trust Company, posted bonds totaling $55,000 for defendant Jordan Mulcahy in connection with four criminal complaints charging him with numerous offenses. He failed to appear for a court hearing in November 2010. In December 2010, the bonds were ordered forfeited and appellants were notified that March 19, 2011, would be the date of forfeiture.

In March 2011, shortly after the defendant was arrested in California, appellants moved for reinstatement and discharge of the bonds. Following a hearing on their motion, the district court issued an order reinstating and discharging the bonds, ordering $5,000 withheld for defendant's extradition, and imposing a ten percent penalty of $5,500 under Minn. R. Gen. Pract. 702(f).

## ISSUE

Did the district court err in imposing a ten percent penalty under Minn. R. Gen. Pract. 702(f)?

## ANALYSIS

■ "The interpretation of a procedural rule is subject to de novo review." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 1748, 182 L.Ed.2d 537 (2012).

The language of Minn. R. Gen. Pract. 702(f) was interpreted and its relationship to Minn.Stat. § 629.59 was clarified in *State v. Askland*, 784 N.W.2d 60 (Minn. 2010).

State statute and court rule address the question of reinstatement of a forfeited bail bond. Minnesota Statutes § 629.59 (2008) states that when a bail bond is forfeited, "the court may forgive or reduce the penalty according to the circumstances of the case and the situation

of the party on any terms and conditions it considers just and reasonable." Rule 702(f) of the Minnesota General Rules of Practice narrows a court's discretion:

A petition for reinstatement [of a forfeited bond] filed between ninety (90) days and one hundred eighty (180) days from the date of forfeiture shall be heard and determined by the judge who ordered forfeiture or the judge's successor and reinstatement may be ordered on such terms and conditions as the court may require, but only with the concurrence of the chief judge and upon the condition that a minimum penalty of not less than ten percent (10%) of the forfeited bail be imposed.

*Id.* at 62. *Askland* remanded to the district court "for reinstatement, discharge, and refund of the forfeited bond *less the 10% penalty mandated by Minn. R. Gen. P. 702(f)*." *Id.* at 64 (emphasis added).

■ Notwithstanding *Askland*, appellants raise four arguments opposing the imposition of the penalty. First, they argue that "it was well within the [district] court's authority and discretion to waive the ten percent penalty provided for in Rule 702." But, under *Askland*, the district court had no authority to waive the penalty when it reinstated the bonds.

■ Second, appellants argue that the penalty should not be imposed because the state has not shown prejudice resulting from the defendant's absence and because appellants made a good-faith effort to locate the defendant. The state's showing of prejudice and the good-faith effort of a bond company are two of the four factors for district courts to consider when exercising their discretion to decide whether to reinstate a forfeited bond. *Id.* at 62 (citing *In re Shetsky*, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953)). But those factors are not relevant here, because the issue

here is not the discretionary reinstatement of a forfeited bond; it is the mandatory penalty imposed by Rule 702 when a petition for reinstatement is filed between 90 and 180 days after the forfeiture.

■ Third, appellants argue that there is "some justification for at least a small variance from Rule 702" because of the district court's delay in notifying them of the forfeiture and of the timeliness of their own petition for reinstatement once the defendant had been arrested in California. But appellants do not explain why either the district court's delay in notifying them or the timing of their own petition for reinstatement would be relevant to the mandatory penalty imposed by Rule 702.

■ Finally, appellants argue that Minn. R. Gen. Pract. 1.02, permitting modification of the rules to prevent injustice, should be invoked here, but they do not explain why the penalty imposed by Minn. R. Gen. Pract. 702 is unjust.[1]

## DECISION

The district court did not err in interpreting Rule 702 to mandate the imposition of a ten percent penalty when appellants' bonds were reinstated and concluding that it had no discretion to forgive or reduce that penalty.

**Affirmed.**

---

[1.] In any event, appellants do not refute respondent State of Minnesota's argument that this issue is not properly before this court because it was not presented to the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988).