*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0754**

State of Minnesota,
Respondent,

vs.

Donalonte Jamar Wade,
Defendant,

Midwest Bonding, LLC,
Appellant.

**Filed February 8, 2016
Affirmed
Hooten, Judge**

Ramsey County District Court
File No. 62-CR-14-1410

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

James McGeeney, Doda & McGeeney, P.A., Rochester, Minnesota (for appellant)

        Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant bonding company argues that the district court abused its discretion by denying its petition to reinstate and discharge a forfeited bail bond. We affirm.

## FACTS

On February 28, 2014, after defendant Donalonte Jamar Wade's initial appearance on a charge of violating a domestic abuse no contact order (DANCO), appellant Midwest Bonding, LLC (Midwest) posted a $60,000 bond for Wade. On September 29, 2014, Wade pleaded guilty. Wade failed to appear for sentencing on November 7, 2014, and the district court forfeited the bond and issued a bench warrant for Wade's arrest.

Upon learning that Wade failed to appear for his sentencing hearing, Midwest began efforts to locate him, including trying to call Wade and the indemnitor, running an electronic search of jails in Minnesota, and hiring a fugitive recovery agent. On November 29, 2014, Wade was arrested by law enforcement for a separate crime. When he was arrested, Wade admitted that he had not opened the door to police when ordered to because he knew there were active warrants for his arrest. Wade's warrant was cleared on December 2, 2014, and he was sentenced on the DANCO violation charge on December 19, 2014.

Midwest filed a petition to reinstate and discharge the bond on December 30, 2014. In the petition and in the affidavit attached to the petition, Midwest represented that Wade was apprehended "as a result of intelligence provided by [Midwest's recovery agent.]" On December 19, 2014, the state informed the district court that the statement in Midwest's

affidavit that Wade was apprehended as a result of information provided by Midwest's recovery agent was false.

At the contested hearing on the petition to reinstate and discharge the bond, Midwest conceded that its recovery agent had misrepresented the facts of the case to Midwest and that those false facts were then represented to the district court in its petition and accompanying affidavit. The state recommended a 17% penalty for passing on the recovery agent's misrepresentation in the petition and affidavit. The district court denied Midwest's petition to reinstate and discharge the bond and ordered that it remain forfeited in its entirety. This appeal followed.

## DECISION

If a defendant released on bail fails to appear and the bond goes into default, "the [district] court may forgive or reduce the penalty according to the circumstances of the case and the situation of the party on any terms and conditions it considers just and reasonable." Minn. Stat. § 629.59 (2014). We review a district court's decision on a petition to reinstate a forfeited bond for an abuse of discretion. *State v. Askland*, 784 N.W.2d 60, 62 (Minn. 2010). When determining whether the district court abused its discretion, we consider the following factors:

> (1) the purpose of bail, the civil nature of the proceedings, and the cause, purpose and length of a defendant's absence; (2) the good faith of the bond company as measured by the fault or willfulness of the defendant; (3) the good-faith efforts of the bond company to apprehend and produce the defendant; and (4) any prejudice to the [s]tate in its administration of justice.

3

*Id.* (citing *In re Application of Shetsky*, 239 Minn. 463, 471, 60 N.W.2d 40, 46 (1953)). Midwest bears the burden of establishing that the first three factors weigh in favor of reinstatement, but the state bears the burden of proving any claimed prejudice. *Id.*

**The purpose of bail, the civil nature of the proceedings, and the cause, purpose, and length of a defendant's absence**

The purpose of allowing third parties to act as sureties and post bonds "is to relieve the accused of imprisonment and the state of the burden of detaining him pending the trial and at the same time, by placing him in the protective custody of a surety . . . , to insure his presence for trial" without impairing the administration of justice. *Shetsky*, 239 Minn. at 471, 60 N.W.2d at 46. "Another [purpose] is to encourage sureties to locate, arrest, and return defaulting defendants to the authorities to facilitate the timely administration of justice." *State v. Vang*, 763 N.W.2d 354, 358 (Minn. App. 2009).

Midwest received notice of Wade's failure to appear and of the forfeiture and made some efforts to locate him, including hiring a recovery agent. A little more than three weeks after failing to appear, Wade was arrested for an unrelated crime in another county with no assistance from Midwest. While Wade's absence was not prolonged, the purpose of bail was not achieved here because not only did Midwest not apprehend Wade, but its minimal efforts in no way contributed to Wade's apprehension.

**The good faith of the bond company as measured by the fault or willfulness of the defendant**

"[A] [d]efendant's willfulness or bad faith is attributable to the surety" and weighs against reinstatement. *Id.* It is clear that Wade willfully failed to appear in court, as he

4

admitted that he was trying to avoid contact with law enforcement because he had active warrants. Furthermore, Midwest concedes that this factor weighs against reinstatement.

**The good faith efforts of the bond company to apprehend and produce the defendant**

Midwest took some steps to investigate Wade's whereabouts, including hiring a recovery agent at the cost of $6,000. But, as the district court noted, there is no indication in the record that any of the money Midwest spent in hiring the recovery agent went to any efforts to locate or apprehend Wade. And, despite his apparent lack of investigative effort, Midwest's agent falsely represented that it had provided the intelligence that led to Wade's arrest. Relying on its recovery agent, Midwest falsely represented to the district court that Wade was apprehended "as a result of intelligence provided by the [r]ecovery [a]gent." As the district court noted, "the fact that [Midwest's] affidavit does not identify the claimed intelligence provided to law enforcement suggests . . . that [Midwest] did little or no investigation or verification of its [a]gent's claim before providing the affidavit to the court." While Midwest may not have knowingly misrepresented its agent's involvement in the apprehension of Wade, its seemingly blind reliance on the agent's representation indicates that Midwest lacked good faith in attempting to apprehend Wade and in claiming credit for his apprehension.

**Any prejudice to the state in its administration of justice**

"[T]he prejudice-to-the-[s]tate factor in the *Shetsky* analysis is concerned solely with prejudice to the [s]tate in prosecuting the defendant." *Askland*, 784 N.W.2d at 63. Prejudice to the state includes the delay or thwarting of the administration of justice and

5

the expense incurred by the state in apprehending the defendant. *See Shetsky*, 239 Minn. at 474, 60 N.W.2d at 48.

Midwest asserts that there was simply no claim of prejudice by the state and that this factor weighs in favor of reinstatement. Although the state recommended only a 17% forfeiture and did not specifically argue that it was prejudiced, the district court considered the six-week delay in the administration of justice and the costs incurred by the state in arresting Wade, holding him in custody, and transporting him to Ramsey County for sentencing in denying Midwest's petition. The administration of justice in this case was only briefly delayed, but sentencing was nonetheless delayed, and law enforcement apprehended Wade on unrelated charges in a neighboring county. Although the prejudice to the state is not severe in this case, the state had to take additional steps to ensure Wade's appearance at his sentencing hearing.

**Other Circumstances**

Lastly, Midwest argues that the district court erroneously considered "other circumstances" in making its bond reinstatement determination. The other circumstances considered by the district court primarily relate to the fact that Midwest's fugitive recovery agent misrepresented his role in the apprehension of Wade and that Midwest passed on this misrepresentation to the district court. In considering the misrepresentation, the district court stated:

> The passed-on misrepresentation is also quite troublesome to the court because in deciding whether to reinstate a bail bond, the court relies heavily on petitioners' affidavits and assumes the information in them to be true. Had the [s]tate never bothered to check the accuracy of [Midwest's] affidavit to the

6

> court, the court would have credited the [a]gent and [Midwest] with providing a valuable service to the [s]tate. As things stand, the service [Midwest] provided was of no value, not only because its [a]gent did nothing to locate [Wade], but also because the false affidavit calls into question whether the court can rely on [Midwest] to fairly and honestly perform its role as a surety.

Midwest argues that the other circumstances that the district court considered were irrelevant to the bond reinstatement decision. But, the acts of the recovery agent and Midwest's reliance on his representation relate to the *Shetsky* factors, most directly to the purpose of bail and the good faith of the bond company.

The district court determined that each of the *Shetsky* factors weighed against reinstatement of the bond. Based on the unique facts of this case, we conclude that the district court did not abuse its discretion by denying Midwest's petition for reinstatement and discharge of the bond.

**Affirmed.**